IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| BRENDA G. WATSON, ) | |
| ) | No. 2:13-cv-301-DCN |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| FOREMOST SIGNATURE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the court on defendant Foremost Signature Insurance Company's motion for summary judgment. For the reasons laid out below, the court grants Foremost summary judgment on Watson's bad faith claims. The parties have notified the court that they have reached a settlement on the remaining breach of contract claims.

## I. BACKGROUND

      Foremost issued an insurance policy to Watson on her double-wide mobile home in North Charleston. Compl. ¶ 3. In February 2011, lightning struck a tree adjacent to Watson's home and a large limb from the tree fell on her home, causing damage. Compl. ¶ 7. In March 2012, more than a year after the tree fell, Watson noticed water damage in her kitchen and discovered three broken joists underneath the subfloors of her kitchen. Compl. ¶ 12, 19. Watson attributes the broken joists to the force of the tree limb falling on the roof of her house. Compl. ¶ 20. Watson filed a claim for the kitchen floor, and Foremost denied her claim, concluding that the claimed loss was not covered because it

1

was not caused by a sudden occurrence and because the policy excluded losses caused by rain leakage.  Pl.'s Mot. to Exclude, ECF No. 14, at 3.

On December 31, 2012, Watson filed an action in the Charleston County Court of Common Pleas alleging causes of action for breach of the insurance policy (for both emergency repairs and non-emergency repairs) and bad faith refusal to pay (for both emergency repairs and non-emergency repairs).  Foremost removed the case to federal court on February 1, 2013.  Foremost moved for summary judgment on November 8, 2013.  Watson responded on November 25, 2013 and Foremost filed a reply on December 5, 2013.

## II.  STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there

is a genuine issue for trial." Id. at 249.  The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor.  Id. at 255.

### III.  DISCUSSION

Foremost argues that it is entitled to summary judgment on Watson's bad faith claims because it had a reasonable basis for refusing to pay benefits.  Def.'s Mot. 14.

"[T]here is an implied covenant of good faith and fair dealing in every insurance contract that neither party will do anything to impair the other's rights to receive benefits under the contract."  Tadlock Painting Co. v. Maryland Cas. Co., 322 S.C. 498, 473 S.E.2d 52, 53 (S.C.1996) (quotation omitted).  A policyholder may recover damages for bad faith denial of insurance coverage if he proves that there was "no reasonable basis to support the insurer's decision to deny benefits" under an insurance contract.  Cock–N–Bull Steak House, Inc. v. Generali Ins. Co., 321 S.C. 1, 6 (1996) (quotation omitted).  However, an insurer's reasonable ground for contesting a claim for coverage precludes a finding of bad faith.  Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 493 (4th Cir. 2005) (quoting Crossley v. State Farm Auto. Ins. Co., 307 S.C. 354, 360 (1992)).

Watson's complaint alleges that Foremost acted in bad faith in the handling of the claim in the early stages after she first reported the damage, in delaying and preventing a determination of the cause of full damages to her mobile home, in failing to determine the ultimate cause of the damage to her mobile home after three inspections, in failing to re-inspect the joists when invited to do so by Watson, and in denying the claim.  Compl. ¶¶ 68, 87.

Foremost argues that it had a reasonable basis to deny coverage.  Def.'s Mot. 15. It asserts that it thoroughly investigated the claim by inspecting the mobile home three

times after Watson reported her claim in March 2012 and found no indication that would reasonably suggest that the kitchen damage was caused by a sudden occurrence. Id. Foremost further asserts that the information available suggested that the claimed damage was caused by rain leakage, and therefore excluded under the policy. Id. This remained Foremost's position even after Watson provided photographs of the late-discovered damage to the floor joists. Def.'s Reply 10.

Watson's response to Foremost's motion advances no specific evidence disputing Foremost's assertion that it acted reasonably by denying coverage. Instead, Watson relies on the broad allegations contained in her complaint. This is not enough to survive summary judgment. The court therefore finds that based on the evidence in the record, no reasonable juror could find that Foremost had "no reasonable basis" to support its denial of coverage. Nothing in the record suggests that Foremost's failure to pay was anything other than a good-faith dispute about the extent of coverage or the cause of the damage. Therefore, the court grants Foremost summary judgment as to Watson's bad faith claims.

### III.  CONCLUSION

Based on the foregoing, the court **GRANTS** summary judgment to Foremost on Watson's claims for bad faith refusal to pay.

The court, having been advised by counsel for the parties that the remaining breach of contract claims have been settled, **DISMISSES** this action without costs and without prejudice. If settlement is not consummated within sixty (60) days, either party may petition the Court to reopen this action and restore it to the calendar. Fed. R. Civ. P. Rule 60(b)(6). In the alternative, to the extent permitted by law, either party may within

sixty days petition the Court to enforce the settlement.  <u>Fairfax Countywide Citizens v. Fairfax Cnty.</u>, 571 F.2d 1299 (4th Cir. 1978).

      **AND IT IS SO ORDERED**.

                                     **DAVID C. NORTON**
                                     **UNITED STATES DISTRICT JUDGE**

**January 14, 2013**
**Charleston, South Carolina**

5